# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EDWARD MITCHELL,<br><br>Plaintiff,<br><br>v.<br><br>CA DEPARTMENT OF CORRECTIONS & REHABILITATION, *et al.*,<br><br>Defendants. | Case No. 1:24-cv-00522-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>ORDER CONSTRUING REQUESTS FOR STAY AS MOTIONS AND DENYING MOTIONS FOR STAY AS MOOT<br>(ECF Nos. 6, 7)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF<br>(ECF Nos. 3, 8, 9)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff John Edward Mitchell ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This action was initiated in the Sacramento Division of the United States District Court for the Eastern District of California on December 12, 2023. (ECF No. 1.) The case was transferred to the Fresno Division on May 2, 2024. (ECF No. 10.) Plaintiff's complaint has not yet been screened.

Currently before the Court are Plaintiff's requests for stay of this action, (ECF Nos. 6, 7), and motions for preliminary injunctive relief, (ECF Nos. 3, 8, 9.)

///

**I.      Requests for Stay**

On January 19, 2024 and February 5, 2024, Plaintiff filed requests to stay this action while he sought representation by counsel in this action and his other pending litigation. (ECF Nos. 5, 6.) Plaintiff requested a stay of ninety days to obtain counsel. (ECF No. 6.) These requests are construed as motions to stay this action.

As ninety days has already expired from the filing of his first request, Plaintiff's motions to stay are denied as moot. Plaintiff is reminded that if he obtains legal representation, counsel may file a notice of appearance at any time.

**II.     Motions for Preliminary Injunctive Relief**

In his motions for injunctive relief, Plaintiff seeks a preliminary injunction against Defendants Macomber and Broomfield (or, the Secretary and Director of CDCR), and extending to their successors in office, agents, employees, and all other persons acting in concert and/or participation with them, directing them to take a variety of actions, including: to not use excessive or unnecessary force against Plaintiff and to video record all necessary uses of force; to not expose Plaintiff to officer misconduct that would trigger his PTSD symptoms; remove all CDC 128 informational chronos that have no signature indicating Plaintiff received a copy of that chrono; remove any and all RVRs that were reduced to "counseling chronos;" to not expose Plaintiff to misuse of force incidents that could exacerbate his PTSD; to not house Plaintiff at any California State Prisons that employs an officer named in any prior or pending lawsuit by Plaintiff, or employs any other persons connected to them through familial relations; give Plaintiff single cell status due to his PTSD attributed in part to cellmates; provide Plaintiff with mental health treatment for PTSD; stop C/O Ramos from attempting to coax Plaintiff into a fight and using discriminatory racist words; stop C/O Lomas from further violating HIPAA by divulging Plaintiff's medical information to another person and to refrain from retaliatory acts; stop Warden Covello from failing to protect Plaintiff's rights to receive medication from a nurse in view of a camera and to shut down dispensing medications from a room without cameras; stop Nurse P. Omuruviti from not giving Plaintiff his medications at 6:00 and/or 8:00 p.m.; and stop MCSP officers from housing another inmate in a cell with Plaintiff until determined by a

1  psychologist that Plaintiff's PTSD diagnosis would not be exacerbated by the proposed cellmate.
2  (ECF Nos. 3, 8, 9.)

3  In support of these requests, Plaintiff sets forth a list of events beginning in 2008 and
4  continuing to the present, which he alleges demonstrate the continuing risk of retaliation from
5  correctional staff in response to his filing of grievances and civil complaints.  Plaintiff alleges that
6  he is at risk of a litany of retaliation, including physical assault, false rules violation reports,
7  withholding his mail, violations of his religious rights, and other various unconstitutional
8  conditions of confinement.  The prior alleged incidents and the future harms Plaintiff alleges are
9  certain and are happening are not limited to his current institution or the defendants named in the
10  instant action.  (*Id.*)

11  **A.     Legal Standards**

12  "A preliminary injunction is an extraordinary remedy never awarded as of right."  *Winter*
13  *v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted).  "A plaintiff seeking a
14  preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to
15  suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his
16  favor, and that an injunction is in the public interest."  *Id.* at 20 (citations omitted).  An injunction
17  may only be awarded upon a clear showing that the plaintiff is entitled to relief.  *Id.* at 22 (citation
18  omitted).

19  Federal courts are courts of limited jurisdiction and in considering a request for
20  preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it
21  have before it an actual case or controversy.  *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983);
22  *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S.
23  464, 471 (1982).  If the Court does not have an actual case or controversy before it, it has no
24  power to hear the matter in question.  *Id.*  There must also be a relationship between the injury
25  claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint,
26  such that the preliminary injunction would grant "relief of the same character as that which may
27  be granted finally."  *De Beers Consol. Mines*, 325 U.S. 212, 220 (1945).  Requests for prospective
28  relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which

requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491−93; *Mayfield*, 599 F.3d at 969.

**B.     Discussion**

Plaintiff has not met the requirements for the injunctive relief he seeks. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

As Plaintiff's complaint has not yet been screened, the Court cannot find that Plaintiff has shown a likelihood of success on the merits. In addition, no defendant has been ordered served, and no defendant has yet made an appearance. Thus, the Court at this time lacks personal jurisdiction over any staff or employees at Plaintiff's current institution or any other CDCR institution, and it cannot issue an order requiring them to take, or forbid them from taking, any action.

Further, Plaintiff's motion makes no showing that he will suffer irreparable harm in the absence of an injunction, that the balance of equities tips in his favor, or that an injunction is in the public interest. Plaintiff also has not shown that the broad relief sought, such as preventing any correctional staff from any institution from performing any act that might trigger Plaintiff's PTSD, or the specific relief sought, such as preventing certain non-party individuals from taking actions that might violate Plaintiff's constitutional rights, has any relationship to the underlying claims in presented in the complaint.

To the extent Plaintiff believes he is in danger, he has other avenues of relief available to him, including filing a petition for writ of habeas corpus in state court. *E.g.*, *People v. Brewer*, 235 Cal. App. 4th 122, 138, 185 Cal. Rptr. 3d 104, 114 (2015) (a California trial court may grant habeas corpus petitioners prospective relief to redress recurring, persistent deprivations of prisoners' rights at correctional facilities). The issue is not that Plaintiff's allegations are not serious or that he is not entitled to relief if sought in the proper forum. The issue is that this action cannot be used by Plaintiff obtain the relief he seeks. The seriousness of Plaintiff's allegations concerning feared impending harm cannot and do not overcome what is a jurisdictional bar. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 103–04 (1998) ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.")

Plaintiff's complaint will be screened in due course.

### III.     Order and Recommendation

Accordingly, the Court HEREBY ORDERS as follows:

1. Plaintiff's requests for stay, (ECF Nos. 6, 7), are CONSTRUED as motions to stay this action;
2. Plaintiff's motions to stay this action, (ECF Nos. 6, 7), are DENIED as moot; and
3. The Clerk of the Court is DIRECTED to randomly assign a District Judge to this action.

\* \* \*

Furthermore, it is HEREBY RECOMMENDED that Plaintiff's motions for preliminary injunctive relief, (ECF Nos. 3, 8, 9), be DENIED.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual

5

findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 3, 2024**                    /s/ *Barbara A. McAuliffe*                
                                                   UNITED STATES MAGISTRATE JUDGE